POLSTEIN et al. v. LAX et al.

(Supreme Court, Appellate Term.   June 30, 1908.)

MECHANICS' LIENS—EXTENT OF LIEN—FAILURE TO COMPLETE CONTRACT—
RIGHTS OF EMPLOYÉS OF CONTRACTOR.

   The fact that a mechanic's lien claimed by employés of a contractor
was filed before the contractor stopped work on the building to which
the contract related, and before the contract price for the work was ex-
hausted, did not give the workmen a lien on the building for any sum in
excess of the balance due on the contract after payment by the owner of
the cost of completing the contract, since, in the absence of agreement
otherwise, work, whether measured by the job or by the time, must be
finished before there is a right to pay for it, and hence nothing was
earned by the contractor when the workmen filed their notice, and nothing
was earned subsequent thereto in excess of the difference between the
contract price and the cost of completion, added to what had been paid
to the contractor.

   Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

   Action by Meyer Polstein and another against Max Lax and others.
From a judgment for plaintiffs, certain defendants appeal.   Reversed,
and new trial ordered.

   Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

   Gantz, Neier & McKennell, for appellants.
   Benjamin Steinman, for respondents.

   MacLEAN, J.   Morris Kutnick, the defendant who does not appeal,
undertook to lath and plaster a building owned by the defendants Lax
and Seplowitz for a sum agreed upon, which he testified in one place
was $510 and in another said was $625.   Both owners say the price
was $510.   Delaying beginning work for a couple of days, he said he
could not get money, and induced the defendants to buy materials
amounting to $311.98.   He received from the owners in three sums
$150, and paid some of the workmen, but not the plaintiffs, who filed a
mechanic's lien.   Then Kutnick stopped the work, which he did not
resume.   After giving him notice to complete his contract within three
days, the owners finished it at their own cost through one Zambetti for
$115, concededly a very reasonable sum, which, with the cash paid
Kutnick, $150, and the material bought on the request of Kutnick,
$311.98, made an outlay of $576,98, so that, treating the completion
as on Kutnick's behalf, there was an extra disbursement of $66.98 on
his account, if the agreed price was $510, and a sum of only $48.02
coming to him if that price was $625.

   No suggestion of the opinion of the learned justice respecting the
price agreed upon for the work appears.   The case was tried, seeming-
ly, upon the theory that as the notice of lien was filed before the con-
tractor stopped, and so before the price for doing the work was ex-
hausted, the workmen's claim for wages was not affected by the fact
that it cost the defendants more than the balance of the contracted price
to complete the undertaking, or, as their counsel states it:

"The plaintiffs, having filed their notice of lien before the defendant Kutnick committed a breach of his contract with the owners, were entitled to look for their earnings to the premises upon which the work was performed."

This sounds novel. It is not new. It is a recurrent heresy, appearing under the old statute and under the present. It is professedly supported by the fact that section 3404, Code Civ. Proc., stating what must be set forth in a complaint in a court not of record, does not mention averment of indebtedness by the owner to the workman lienor or his employer; and it rests probably also upon a motion that property should stand for work put upon it, whether or no the laborer be in privity with the owner. But, as the statute provides that only a laborer who performs labor for the improvement of real property with the consent or at the request of the owner (Lien Law, Laws 1897, p. 516, c. 418, § 3), shall have a lien, it logically limits the lien to a sum not greater than the sum earned and unpaid on the contract at the time of filing the notice of the lien, and any sum subsequently earned thereon (section 4). Since, in the absence of agreement otherwise, work, whether measured by the job or by time, must be finished before there is a right to pay for it, nothing had been earned by their employer (the contractor, Kutnick) when the plaintiffs filed their notice; nor was any sum subsequently earned for him on the improvement, if, as seems the fact, Kutnick undertook performance for $510. If the price was $115 more, the sum coming to him would be but $48.02, or less than one-third the sum the plaintiffs have recovered. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.